## In re ARCADIA PRINT WORKS.

(District Court, D. Massachusetts. March, 1923.)

No. 29094.

**Bankruptcy ⊙⟶482(3)—Counsel of petitioning creditors in involuntary petition subsequently dismissed entitled to reasonable fees.**

Counsel for petitioning creditors in involuntary petition in bankruptcy under which receivers were appointed, with benefit to creditors, is entitled as matter of right to reasonable fee out of the estate, though petition was subsequently dismissed as result of adjudication on voluntary petition, regardless of motive with which parties proceeded.

In Bankruptcy. In the matter of the Arcadia Print Works. On review of referee's orders refusing counsel fees to petitioning creditors. Reversed and remanded.

Richard R. Sullivan, of Boston, Mass., for petitioning creditors.

Joseph W. Worthen, of Boston, Mass., for trustee.

BREWSTER, District Judge. Petitioning creditors in an involuntary petition in bankruptcy filed a petition with the referee for an allowance to cover their expenses in connection with the involuntary petition, and

---

[1] Order reversed in part. New York v. Jersawit, 263 U. S. 493, 44 Sup. Ct. 167, 68 L. Ed. 405.

also for reasonable fees for counsel representing them in the proceeding. The involuntary petition was followed by a voluntary petition, upon which adjudication was subsequently ordered, and the involuntary petition was dismissed. The referee denied the petition so far as it related to counsel fees, and found as a fact that the involuntary petition was unnecessary, and that he had reason to believe the petitioning creditors and their counsel knew it was unnecessary, and took such action for no other purpose than to participate in the proceedings and to procure the customary allowance as counsel for petitioning creditors.

I agree with the referee that this is a practice that ought not to be encouraged, but upon the record it would appear that the parties to the involuntary petition were acting entirely within their legal rights in bringing their petition, whatever may have been their motives. Receivers were appointed on the involuntary petition, before the adjudication was ordered upon the voluntary petition. It was impossible to say that the creditors did not derive some benefit from this proceeding. It is well settled that the attorney for the petitioning creditors is entitled to a reasonable fee as a right. Its allowance or disallowance is not a matter of discretion. I take it this must be so, even though the petition may be ultimately dismissed. In re Curtis (C. C. A. 7th Cir.) 4 Am. Bankr. Rep. 17, 100 Fed. 784, 41 C. C. A. 59; Smith v. Cooper (C. C. A. 5th Cir.) 9 Am. Bankr. Rep. 755, 120 Fed. 230, 56 C. C. A. 578. The fact that the petition was dismissed as a result of an adjudication upon a voluntary petition would only affect the reasonable amount to be allowed, and would not destroy the rights of the creditors to receive out of the estate reasonable compensation for their attorneys.

The order of the referee denying the petition for attorney's fees is reversed, and the case remanded to the referee for the purpose of fixing a reasonable attorney's fee.